```
              UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                   CHARLESTON DIVISION


BOYD GILMORE,

        Plaintiff,

v.                                CIVIL ACTION NO: 2:08-cv-326


REBECCA BOSTIC, Kanawha County Adult
Probation Department, West Virginia
Board of Probation and Parole,

Huttonsville Correctional Center Defendants:
WILLIAM HAINES, Warden,
TERESA WAID, Deputy Warden,
DEBRA COTTRELL, Classification Director,
KENNETH AKINS, Case Manager and
Classification Committee Chair,
KAREN TETER, Records Department,

St. Mary's Correctional Center Defendants:
WILLIAM FOX, Warden,
MISTY ADAMS, Case Supervisor,
DAN KIMBLE, Original Classification Director,
ROBERT PARKER, Unit Manager,
RUSSELL MASTON, Records Supervisor,
KAROL PAYNE, Unit Manager and Later
Classification Director,
JOYCE BILLS, Institutional Parole Officer,

Mount Olive Correctional Complex Defendants:
DAVID BALLARD, Warden,
TOM SUMMERRELL, Case Supervisor and
Classification Committee Chair,
JANET PAYNE, Unit Manager,
LEE HARPER, Case Manager,
PAUL LYTTLE, Associate Warden of Programs,
DOROTHY KERR, Classification Chair,
LORI BURFORD, Records Supervisor,

Division of Corrections Defendants:
JIM RUBENSTEIN, Commissioner,
STEVE YARDLY, Deputy Commissioner,
```

**CHARLENE SOTAK, Inmate Grievance Coordinator,**

**Mental Health Unit Defendants at Mount Olive:**
**CHERYL SNYDER, Administrator of Mental Health,**
**CRISTY FLORES, MHU, Licensed Social Worker,**
**TIM CARPER, MHU, Licensed Social Worker,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

**Pending is the Motion to Dismiss of Paul Lyttle, Deceased, filed July 7, 2009.**

**Paul Lyttle was the Associate Warden of Programs at the Mount Olive Correctional Complex. The plaintiff alleges claims against Lyttle in his individual and official capacities under federal and state law. On April 3, 2009, counsel for Lyttle filed a suggestion of death upon the record, notifying the court and the parties that Lyttle passed away on November 24, 2008.**

**Federal Rule of Civil Procedure 25 provides:**

> (a) Death.
>
> (1) Substitution if the Claim Is Not Extinguished. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
>
> . . .

2

> (d) Public Officers; Death or Separation from Office. An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded. The court may order substitution at any time, but the absence of such an order does not affect the substitution.

Fed. R. Civ. Pro. 25(a),(d).

The 90 day period during which the plaintiff could have filed a motion for substitution has expired, and the plaintiff has filed no motion for substitution. Accordingly, the plaintiff's claims against Lyttle in his individual capacity must be dismissed pursuant to Rule 25(a). Under Rule 25(d), the plaintiff's claims against Lyttle in his official capacity remain pending against the office of Associate Warden of Programs.

Based upon the foregoing, it is ORDERED that Lyttle's motion be, and it hereby is, granted with respect to the claims against him in his individual capacity, and otherwise denied.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

DATED: July 23, 2009

John T. Copenhaver, Jr.
United States District Judge

3